Rehearing granted, September 2, 2004

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-2524**

———————

BETTY EBIAYA ENOW,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-280-895)

———————

Submitted: September 24, 2004      Decided: October 14, 2004

———————

Before MOTZ, KING, and GREGORY, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Betty Ebiaya Enow, Petitioner Pro Se. George William Maugans, III, Special Assistant United States Attorney, Baltimore, Maryland; Carol Federighi, M. Jocelyn Lopez Wright, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Betty Ebiaya Enow, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("Board") summary affirmance of an immigration judge's denial of her applications for asylum, withholding of removal, protection under the United Nations' Convention Against Torture, and voluntary departure. We deny the petition for review.

To obtain reversal of a determination denying eligibility for asylum relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). See also Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 284 (4th Cir. 2004) (immigration judge's denial of asylum upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary").

Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2000). We have reviewed the evidence of record and Enow's brief and conclude that she fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief Enow seeks.

Additionally, we uphold the immigration judge's denial of Enow's applications for withholding of removal and protection under the Convention Against Torture. To qualify for withholding of

removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). To obtain relief under the Convention Against Torture, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2003). Based on our review of the record, we find that Enow has failed to meet either one of these standards.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED